*Komatsu v. NTT Data, Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of July, two thousand eighteen.

Present:
> BARRINGTON D. PARKER,
> DEBRA ANN LIVINGSTON,
> DENNY CHIN,
> *Circuit Judges.*

_____

TOWAKI KOMATSU,

> *Plaintiff-Appellant*,

v.                                                                          16-2977

NTT DATA, INC., CREDIT SUISSE AG, a/k/a Credit Suisse Securities (USA) LLC,

> *Defendants-Appellees*.

_____

| | |
|---|---|
| For Plaintiff-Appellant: | TOWAKI KOMATSU, pro se, Bronx, NY. |
| For Defendant-Appellee NTT Data, Inc.: | CHRISTOPHER NEFF, Moskowitz, Book & Walsh, LLP, New York, NY. |
| For Defendant-Appellee Credit Suisse AG, a/k/a Credit Suisse Securities (USA) LLC: | DANIEL SHTERNFELD (Stephen M. Kramarsky, *on the brief*), Dewey Pegno & Kramarsky LLP, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Schofield, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Towaki Komatsu ("Komatsu"), pro se, appeals from the district court's dismissal of his claims against Defendants-Appellees NTT Data, Inc. and Credit Suisse AG, a/k/a Credit Suisse Securities (USA) LLC. *See Komatsu v. NTT Data, Inc.*, No. 15-CIV-7007, 2016 WL 2889064 (S.D.N.Y. May 17, 2016). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Under the *Rooker–Feldman* doctrine, "federal district courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments." *Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 84 (2d Cir. 2005). "*Rooker–Feldman* directs federal courts to abstain from considering claims when four requirements are met: (1) the plaintiff lost in state court, (2) the plaintiff complains of injuries caused by the state court judgment, (3) the plaintiff invites district court review of that judgment, and (4) the state court judgment was entered before the plaintiff's federal suit commenced." *McKithen v. Brown*, 626 F.3d 143, 154 (2d Cir. 2010). We review de novo a district court's application of the *Rooker–Feldman* doctrine. *Hoblock*, 422 F.3d at 83. Having conducted an independent and de novo review of the record in light of these principles, we conclude that the *Rooker–Feldman* doctrine applies here: Komatsu lost in New York state court before he filed this federal lawsuit; he complains of an injury caused by the state court's erroneous interpretation of state law, explaining that the state court's decision "induced and misled" him; and he seeks review and reversal of that judgment. Amended Compl. at 4–5, 7, *Komatsu v. NTT Data, Inc.*, No. 15-CIV-7007 (S.D.N.Y. Sept. 10, 2015), ECF No. 3; *see also*

*McKithen*, 626 F.3d at 155 (observing that "[t]he proper vehicle for [plaintiff] to challenge the state court's interpretation of [state law] was an appeal to the New York Appellate Division" in concluding that *Rooker–Feldman* applies to bar federal court jurisdiction). The *Rooker–Feldman* doctrine thus deprives this Court and the district court of jurisdiction to review Komatsu's claims.

We have considered each of Komatsu's arguments to the contrary and find them to be without merit. Accordingly, the judgment of the district court is **AFFIRMED**. It is hereby **ORDERED** that Komatsu's May 11, 2018 and May 18, 2018 motions to seal are **GRANTED** to the extent necessary to preserve confidentiality. The Clerk of Court is directed to seal the motions consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk